[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Phillip A. Christian was indicted for four counts of nonsupport of a minor. All counts were fourth-degree felonies. Christian pleaded guilty to two counts of nonsupport, and the state dismissed the remaining counts. Christian was sentenced to concurrent sentences of nine months' incarceration. He was also placed on community control for a period of three years after his release. As a condition of his community control, he was ordered to pay an arrearage of $21,503.50, along with his current support obligation. The trial court calculated payment of the arrearage over the three-year period of community control. Christian was ordered to pay $770.66 per month in child support.
{¶ 3} Christian's sole assignment of error alleges that "the trial court erred when it breached the plea agreement as it failed to sentence [Christian] to five years of community control as promised and erred when it added the total arrearage to [Christian's] support obligation."
{¶ 4} Christian first argues that the trial court had no authority to order him to pay his support arrearage as a condition of community control. We disagree. A trial court may order a defendant to pay overdue child support as a condition of community control. See State v. Karnes
(Mar. 29, 2001), 4th Dist. No. 99CA042. Further, after March 23, 2000, a trial court may order a defendant who has been convicted of a felony to pay restitution for any economic detriment that the victim has suffered. See State v. Bemmes, 1st Dist. No. C-010522, 2002-Ohio-1905. Prior to accepting Christian's pleas, the trial court informed him that it could impose court costs, restitution and other financial sanctions. We hold that the trial court had the authority to order Christian to pay his support arrearage as a condition of community control.
{¶ 5} Christian next argues that the trial court erred in placing him on community control for a period of three years instead of five years, as the trial court had discussed prior to accepting Christian's pleas. Christian alleges that, pursuant to the terms of his plea bargain, he was to serve five years of community control, during which time he was to pay his support arrearage. Spreading his support arrearage over a period of five years as opposed to three years would have reduced the amount of child support that Christian was required to pay monthly. Therefore, it would have been easier for Christian to comply with the terms of his community control.
{¶ 6} The record reveals that, prior to accepting Christian's pleas, the trial court stated, "All right. And it's your further understanding that basically you're going to be plea bargaining for a total of nine months in the Justice Center with credit for time served, after which you would be placed on community control for a period of five years. That if you violate the terms of community control and not pay support as you're ordered, then you will be receiving a sentence to a state penal institution for what would amount to an additional twenty-seven months." (T.p. 7).
{¶ 7} It is clear that Christian entered his guilty pleas based upon a plea bargain that included five years of community control, over which time he would be required to pay his child-support arrearage. We hold that the trial court erred in changing the terms of the plea bargain at Christian's sentencing. Christian is entitled to be resentenced in accordance with the terms of his plea bargain.
{¶ 8} The assignment of error is overruled to the extent that it challenges the trial court's authority to order Christian to pay his support arrearage as a condition of community control. The assignment is sustained to the extent that it alleges that the trial court erred in placing Christian on community control for a period of three years instead of five years.
{¶ 9} The trial court's judgment is reversed and the cause is remanded for resentencing in accordance with the terms of the plea bargain, for a recalculation of Christian's monthly child-support obligation based upon payment over five years of community control, and for further proceedings consistent with law and this Judgment Entry.
{¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
{¶ 11} Painter, P.J., Doan and Hildebrandt, JJ.